# UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF VIRGINIA
# Alexandria Division

FRANCISCO MENDOZA, MIGUEL MARTINEZ and KEVIN RODRIGUEZ, individually and on behalf of all others similarly situated,

Plaintiffs,

v.

CARDINAL MULTI SERVICES LLC and WILSON O. AGUILAR,

Defendants.

Civil Action No.  21-cv-00685

## JOINT MOTION FOR FINAL APPROVAL OF SETTLEMENT

Named Plaintiffs Francisco Mendoza, Miguel Martinez, and Kevin Rodriguez, and the six other Plaintiffs who have filed Consents to Join this Lawsuit (collectively, "Plaintiffs"), together with Defendants Cardinal Multi Services LLC and Wilson Aguilar (collectively, "Defendants"), by and through undersigned counsel, jointly file this Joint motion for Final Approval of Settlement ("Joint Motion") and move the Court for an Order (1) granting final approval of the settlement terms between Plaintiffs and Defendants as reflected in the Term Sheet prepared by the Court at the conclusion of the mediation in this matter on November 16, 2021 (the "Settlement"); (2) ordering distribution of the settlement proceeds in accordance with the Term Sheet and pursuant to the terms of this Joint Motion; and (3) approving the award of attorneys' fees and costs to the Plaintiffs' counsel pursuant to the Settlement.  The basis of the request is set forth as follows:

1.     On June 8, 2021, Plaintiffs Francisco Mendoza, Miguel Martinez, and Kevin Rodriguez filed a Complaint on behalf of themselves and all similarly-situated individuals who were employed by Defendants Cardinal Multi Services and Wilson Aguilar to perform construction work.

(ECF Doc. 1.) The Complaint alleged violations of the Fair Labor Standards Act ("FLSA") and the Virginia Wage Payment Act. Specifically, Plaintiffs allege that Defendants violated the Fair Labor Standards Act ("FLSA") and Virginia Wage Payment Act by failing to pay Plaintiffs wages and overtime premiums.

2. Plaintiffs also filed a Motion for Conditional Certification of a Collective Action and Court-Facilitated Notice. (ECF Doc. 3.) On July 16, 2021, the Parties agreed to certification (ECF Doc. 16), and the Court conditionally certified the collective action and authorized notice and a 75-day opt-in period (ECF Doc. 19). Six additional plaintiffs joined the case during the opt-in period. (ECF Docs. 28, 32, 33.)

3. Plaintiffs filed an Amended Complaint on August 19, 2021, alleging additional facts regarding Defendants' practices of misclassifying Plaintiffs. (ECF Doc. 27.)

4. Defendants deny the claims asserted by Plaintiffs in the Action, but agreed to participate in a mediation session with the Honorable Theresa C. Buchanan, U.S. Magistrate Judge on November 16, 2021. The parties reached an agreement to fully resolve Plaintiffs' claims to unpaid wages, liquidated damages, and attorneys' fees. The material terms of the Agreement are memorialized in the Term Sheet appended hereto as Exhibit A.

4. Defendants agreed to pay Plaintiffs and their counsel a total sum of $100,000. This amount constitutes the entire Settlement Amount and represents the complete, full, and final compromise for any claims, injuries or damages for the Action or any cause of action that Plaintiffs may have against Defendants.

5. The settlement amount shall be apportioned in the following manner:

    a. **Francisco Mendoza:** Subject to his compliance with the terms of the Order entered by the Court, including providing (by counsel) a completed and signed

   IRS Form W-4, IRS Form W-9, and General Release in the form appended hereto as Exhibit B, Mr. Mendoza shall be paid: (i) the amount of $5,216.10 attributable to his wage claim, which shall be subject to payroll withholding; (ii) an additional amount of $5,216.10 attributable to his claim for liquidated damages; and (iii) an additional amount of $2,500, which represents a bonus payment in conjunction with his role as a named plaintiff;

b. **Kevin Rodriguez**: Subject to his compliance with the terms of the Order entered by the Court, including providing (by counsel) a completed and signed IRS Form W-4, IRS Form W-9, and General Release in the form appended hereto as Exhibit B, Mr. Rodriguez shall be paid: (i) the amount of $801.57 attributable to his wage claim, which shall be subject to payroll withholding; (ii) an additional amount of $801.57 attributable to his claim for liquidated damages; and (iii) an additional amount of $2,500, which represents a bonus payment in conjunction with his role as a named plaintiff;

c. **Miguel Martinez**: Subject to his compliance with the terms of the Order entered by the Court, including providing (by counsel) a completed and signed IRS Form W-4, IRS Form W-9, and General Release in the form appended hereto as Exhibit B, Mr. Martinez shall be paid: (i) the amount of $657.37 attributable to his wage claim, which shall be subject to payroll withholding; (ii) an additional amount of $657.37 attributable to his claim for liquidated damages; and (iii) an additional amount of $2,500, which represents a bonus payment in conjunction with his role as a named plaintiff;

d. **Jose Chicas**: Subject to his compliance with the terms of the Order entered by the Court, including providing (by counsel) a completed and signed IRS Form W-4, IRS Form W-9, and General Release in the form appended hereto as Exhibit B, Mr. Chicas shall be paid: (i) the amount of $4,926.54 attributable to his wage claim, which shall be subject to payroll withholding; and (ii) an additional amount of $4,926.54 attributable to his claim for liquidated damages;

e. **Carlos Molina**: Subject to his compliance with the terms of the Order entered by the Court, including providing (by counsel) a completed and signed IRS Form W-4, IRS Form W-9, and General Release in the form appended hereto as Exhibit B, Mr. Mendoza shall be paid: (i) the amount of $3,110.64 attributable to his wage claim, which shall be subject to payroll withholding; and (ii) an additional amount of $3,110.64 attributable to his claim for liquidated damages;

f. **Jesus Mendoza**: : Subject to his compliance with the terms of the Order entered by the Court, including providing (by counsel) a completed and signed IRS Form W-4, IRS Form W-9, and General Release in the form appended hereto as Exhibit B, Mr. Mendoza shall be paid: (i) the amount of $4,442.64

        attributable to his wage claim, which shall be subject to payroll withholding; and (ii) an additional amount of $4,442.64 attributable to his claim for liquidated damages;

    g.    **Luis Betanco**: : Subject to his compliance with the terms of the Order entered by the Court, including providing (by counsel) a completed and signed IRS Form W-4, IRS Form W-9, and General Release in the form appended hereto as Exhibit B, Mr. Betanco shall be paid: (i) the amount of $1,669.59 attributable to his wage claim, which shall be subject to payroll withholding; and (ii) an additional amount of $1,669.59 attributable to his claim for liquidated damages;

    h.    **Carlos Godoy**: : Subject to his compliance with the terms of the Order entered by the Court, including providing (by counsel) a completed and signed IRS Form W-4, IRS Form W-9, and General Release in the form appended hereto as Exhibit B, Mr. Godoy shall be paid: (i) the amount of $290.81 attributable to his wage claim, which shall be subject to payroll withholding; and (ii) an additional amount of $290.81 attributable to his claim for liquidated damages;

    i.    **Nicolas Ruiz**: : Subject to his compliance with the terms of the Order entered by the Court, including providing (by counsel) a completed and signed IRS Form W-4, IRS Form W-9, and General Release in the form appended hereto as Exhibit B, Mr. Ruiz shall be paid: (i) the amount of $2,009.74 attributable to his wage claim, which shall be subject to payroll withholding; and (ii) an additional amount of $2,009.74 attributable to his claim for liquidated damages; and

    j.    **Attorneys' Fees**: : Subject to his compliance with the terms of the Order entered by the Court, including providing a completed and signed IRS Form W-9, counsel for Plaintiffs shall be paid the amount of $46,250 made payable to Murphy Anderson PLLC, which shall be attributable to the plaintiffs' claim for attorneys' fees.

6.    The parties now seek the Court's approval of the resolution of Plaintiffs' claims in this case, as required under the FLSA. *See Taylor v. Progress Energy, Inc.*, 493 F.3d 454, 460 (4th Cir. 2007) ("Under the FLSA . . . there is a judicial prohibition against the unsupervised waiver or settlement of claims.").

7.    The Fourth Circuit has not addressed the factors courts should consider when approving FLSA settlement; however, district courts typically evaluate whether the compromise is

4

"fair, adequate, and reasonable." *LaFleur v. Dollar Tree Stores, Inc.*, 189 F. Supp. 3d 588, 593 (E.D. Va. 2016). The factors to be considered include: "(1) the extent of discovery that has taken place; (2) the stage of the proceedings, including the complexity, expense and likely duration of the litigation; (3) the absence of fraud or collusion in the settlement; (4) the experience of counsel who have represented the plaintiffs; (5) the probability of plaintiffs' success on the merits; and (6) the amount of the settlement in relation to the potential recovery." *Id.*

8.  Here, with respect to the first factor, Defendants produced payroll and other work-related records for all Plaintiffs. This information provided the parties the opportunity to assess liability and approximate damages.

9.  With respect to the second factor, the parties resolved this case at a relatively early stage in the litigation. Engaging in additional discovery, motions practice, and potentially trial would be risky and costly for both sides and will lead to the depletion of the resources used to resolve this matter.

10. With respect to the third factor, the parties reached settlement following arms-length negotiations and a mediation session overseen by Magistrate Judge Buchanan. There was no fraud or collusion in the negotiations or settlement.

11. With respect to the fourth factor, Plaintiffs are represented by Mark Hanna and Roseann Romano of Murphy Anderson PLLC, who have extensive experience litigating wage-and-hour cases in federal court. They have assessed the likelihood of success in this case and believe the parties have reached a settlement that is fair, adequate, and reasonable.

12. With respect to the fifth factor, this case requires resolution of complex legal and factual issues, including the application of new statutory protections under the Virginia Wage

Payment Act. Defendants contend that Plaintiffs only rarely, if at all, performed work for which they were not compensated, while Plaintiffs allege they were not paid for up to two hours per day. Defendants' time records do not prove either party's case. Further litigation exposes all parties to additional risk.

13. Finally, with respect to the sixth factor, the settlement includes $23,125 in unpaid wages and $23,125 in liquidated damages that will be paid to the nine plaintiffs in this case. The payments to the Plaintiffs will be allocated based on each individual's actual unpaid wages, as described in Exhibit C, attached hereto. Plaintiffs' counsel estimates that the actual unpaid wages may be as high as $50,414, with an equal amount in liquidated damages. Defendants disagree with the amount of unpaid work that Plaintiffs claim. Defendants contend that they acted in good faith to comply with the FLSA such that Plaintiffs are not entitled to liquidated damages. Considering these risks, the payment of $46,250 to the nine Plaintiffs is a reasonable settlement.

14. The settlement includes $7,500 in service awards to each of the three Named Plaintiffs. Such awards are "fairly typical" in this Circuit. *Berry v. Schulman*, 807 F.3d 600, 613 (4th Cir. 2015). Here, the Lead Plaintiffs dedicated substantial time to assisting the attorneys in developing the facts of the case. The service awards are necessary to compensate the Lead Plaintiffs for their efforts in bringing this case and negotiating a settlement on behalf of all Plaintiffs.

15. The settlement includes $46,250 in attorneys' fees and costs. Plaintiffs' counsel expended over 264 hours investigating, filing, and litigating this case. In light of the settlement amount for fees, the effectively hourly rate for this work is approximately $175 per hour. This rate is far below the normal rates that Plaintiffs' counsel have been awarded in employment cases in this court.

WHEREFORE, for the foregoing reasons, the Plaintiffs and Defendants respectfully request that this Court issue an Order:

(1) Granting final approval of the Term Sheet;

(2) Directing Defendants to issue settlement funds in accordance with the terms set forth in the proposed Order;

(3) Approving Plaintiffs' release of their claims in exchange for the consideration provided by Defendants, pursuant to the terms of the settlement;

(4) Approving the service awards payments to the three Named Plaintiffs, pursuant to the terms of the settlement;

(5) Approving the attorneys' fees and expenses payment to Plaintiffs' counsel, pursuant to the terms of the settlement;

(6) Ordering the Defendants to sign the Confess Judgment Promissory Notes in favor of each of the nine individual Plaintiffs and counsel for the Plaintiffs in the form appended hereto as the as Exhibit D and in accordance with the terms of the proposed Order; and

(7) Dismissing the above-captioned lawsuit with prejudice.

The parties also submit a Proposed Order, attached hereto.

Dated December 13, 2021                                       Respectfully submitted,

| | |
|---|---|
| /s/ Mark Hanna | /s/ Micah E. Ticatch |
| Mark Hanna, VA Bar No. 45442 | Edward Lee Isler, VA Bar. No. 27985 |
| Roseann R. Romano, VA Bar No. 96744 | Micah E. Ticatch, VA Bar No. 83351 |
| MURPHY ANDERSON PLLC | ISLER DARE, P.C. |
| 1401 K Street NW, Suite 300 | 1945 Old Gallows Road, Suite 650 |
| Washington, DC 20005 | Vienna, VA 22182 |
| Tel: (202) 223-2620 | Tel: (703) 748-2690 |
| Fax: (202) 296-9600 | Fax: (703) 748-2695 |
| mhanna@murphypllc.com | eisler@islerdare.com |
| rromano@murphypllc.com | mticatch@islerdare.com |
| | |
| *Attorneys for Plaintiffs* | *Attorneys for Defendants* |